U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   APR 4 2006

LORETTA G. WHYTE
CLERK

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
March 13, 2006

Charles R. Fulbruge III
Clerk

No. 04-31019

D.C. Docket No. 2:00-CR-305-5

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

TIEN THANG NGUYEN also known as, Tien Thanh Nguyen also known as, Cody

    Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

### J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed in part and vacated in part, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

ISSUED AS MANDATE: APR 0 4 2006

APR - 4 2006

A true copy
Test:
Clerk, U. S. Court of Appeals, Fifth Circuit

By _____
Deputy

New Orleans, Louisiana   APR 0 4 2006

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-31019

UNITED STATES OF AMERICA,

                                       Plaintiff - Appellee,

versus

TIEN THANG NGUYEN, also known as Cody, also known as Tien Thanh Nguyen,

                                       Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-305-5

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    The judgment of the district court is affirmed except with respect to the order to pay restitution.

    It is clear that the district court has the authority to order, as a condition of supervised release, that the defendant pay unpaid restitution ordered as a part of a sentence imposed by another court. See <u>United States v. Love</u>, 431 F.3d 477 (5th Cir. 2005) (relying on the "catch-all" provision of 18 U.S.C. § 3583(d) allowing "any other condition [the district court] considers

---

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appropriate"). This discretionary authority does not, however, allow the district court to alter the restitution order of that other court, or to make a separate and independent order of restitution. See Love, 431 F.3d at 482-83 (noting that critical to its holding was the fact that the district court had not made a separate order of restitution but merely ordered Love to pay previously ordered restitution).

The order of restitution is therefore vacated, and the case is remanded to allow the district court to conform its order with the state court order of restitution. All other conditions of the supervised release and all other terms of the judgment are affirmed.

AFFIRMED in part, VACATED in part, and REMANDED.